**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

BRENT ALAN OWINGS,

                    Petitioner,

v.                                                      Case No. 21-10719

UNKNOWN,

                    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CASE WITHOUT PREJUDICE**

Petitioner Brent Alan Owings, a Michigan prisoner presently confined at the Saginaw Correctional Facility, has filed a "Motion to Extend Time to File." (ECF No. 1.) The clerk filed the document as a habeas petition under 28 U.S.C. § 2254, but because the pleading is insufficient to commence a habeas action, the case will be summarily dismissed without prejudice.

## I. BACKGROUND

Petitioner's pleading does not indicate the cause of his incarceration. He states only that he is currently preparing a motion for relief from judgment that he intends to file in state court. (ECF No. 1, PageID.1.) He indicates that if his bid for state post-conviction relief fails, he intends to file a federal habeas petition. (*Id.*)

Petitioner asserts, however, that prison authorities transferred him to another facility due to the Coronavirus Disease ("COVID-19"), he lost his legal materials, and his facility's law library has been temporarily closed. According to Petitioner, "the lower court's time clocks stopped and not this court's." (*Id.*, PageID.2.) The court understands

this to mean that Petitioner believes the statute of limitations for filing his motion for relief from judgment in the state court is being tolled, but he believes the statute of limitations for filing a federal habeas petition is not being tolled. Petitioner therefore requests a "90-day extension on his filing deadline [for a federal habeas petition] of June 3rd, 2021." (*Id.*)

## II.  DISCUSSION

Federal courts must dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4. The minimum requirements for filing a habeas petition under § 2254 require the petitioner to: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). "Notice pleading" is not sufficient. *See* Rules Governing § 2254 Cases, Rule 4 Advisory Committee Notes; *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Fed. R. Civ. P. 8(a)).

Petitioner's "Motion to Extend Time to File" does not meet the minimum requirements for commencing a habeas case. He does not indicate the grounds presented for habeas relief, the facts supporting each ground, or the habeas relief requested. Indeed, Petitioner does not even purport to be commencing a habeas action; he merely requests prospective tolling of the statute of limitations. Nothing in the rules

allow a prisoner to seek and obtain prospective tolling of the statute of limitations before he has commenced an action with a legally sufficient petition for writ of habeas corpus. *See*, *e.g.*, *Hancock v. Stewart*, Case No. 21-10410, 2021 WL 858955, at *1-2 (E.D. Mich. Mar. 8, 2021) (Michelson, J.). The case is therefore subject to summary dismissal for Petitioner's failure to comply with Rule 2. *See Robertson v. Eppinger*, Case No. 17-4107, 2018 WL 1940414, at *2 (6th Cir. Mar. 27, 2018).

Finally, Petitioner is not entitled to a certificate of appealability of this order because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He is not entitled to permission to appeal *in forma pauperis* because any appeal of this decision would be frivolous. 28 U.S.C. § 1915(a)(3).

### III. CONCLUSION

IT IS ORDERED that the "Petition for Writ of Habeas Corpus" (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability and permission to appeal *in forma pauperis* are DENIED.

                                            s/Robert H. Cleland               /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 13, 2021, by electronic and/or ordinary mail.

                                            s/Lisa Bartlett for Lisa Wagner     /
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-10719.OWINGS.SummaryDismissal.BB.RMK.docx